CHIAVARELLI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. CARRIERS—PERSONAL INJURIES—UNTRUTHFULNESS OF PLAINTIFF'S TESTIMONY.

Where plaintiff, in an action against a carrier for personal injuries, swore positively that he was in the last car of the train when he was injured, and on being recalled, after conclusive proof that he was not in that car, testified that he was in the next to the last car, which was also shown not to be true, a verdict in his favor should not be permitted to stand.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Giovanni Chiavarelli against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Charles C. Paulding (Robert A. Kutschbock, of counsel), for appellant.

Rosario Maggio, for respondent.

SCOTT, J.   If any regard is to be given to the weight of evidence, this judgment must be reversed. The plaintiff swore positively that he was in the last car of the train when he was injured. It was conclusively proven that he was not in that car. With the testimony in that condition, both sides rested. The justice then recalled the witness, and questioned him as to whether he was positive that he was in the last car. In response to this suggestion he changed his location to the car next to the last. The defendant then showed by persuasive evidence that plaintiff was not in that car. Notwithstanding, the justice promptly gave judgment for plaintiff. It would be a gross injustice

to permit the judgment to stand. It must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.